IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| I.T., by and through his parents Renee and Floyd T., | ) CIVIL NO. 11-00676 LEK-KSC )<br>) FINDINGS AND |
| Plaintiffs, | ) RECOMMENDATION TO GRANT IN<br>) PART AND DENY IN PART |
| vs. | ) PLAINTIFF'S MOTION FOR<br>) ATTORNEYS' FEES AND |
| DEPARTMENT OF EDUCATION,<br>STATE OF HAWAII, | ) RELATED NONTAXABLE<br>) EXPENSES<br>) |
| Defendant. | )<br>) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES

Before the Court is Plaintiff I.T.'s

("Plaintiff") Motion for Attorneys' Fees and Related

Nontaxable Expenses ("Motion"), filed September 25,

2012. On October 9, 2012, Plaintiff filed a Statement

of Consultation ("SOC"). Defendant Department of

Education, State of Hawaii ("Defendant") filed an

Opposition as to Attorney Dellera and an Opposition as

to Attorneys Fonseca and Wong on October 23, 2012, and

November 5, 2012, respectively. Plaintiff filed a

Reply as to Attorney Dellera and a Reply as to

Attorneys Fonseca and Wong on November 5, 2012, and

November 19, 2012, respectively.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the U.S. District Court for the District of Hawaii ("Local Rules"). After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART, and that Plaintiff be awarded **$46,504.48** in attorneys' fees.

<u>BACKGROUND</u>

Plaintiff commenced this action to appeal an October 6, 2011 decision issued by Hearings Officer Richard Young.  Plaintiff sought to have the Hearings Officer's Decision vacated.  Plaintiff requested that judgment enter approving his unilateral placement at Loveland Academy and ordering Defendant to pay his Loveland tuition and related transportation costs from November 10, 2012, until placement is changed; to reimburse him for the cost of evaluations conducted by Drs. Murphy-Hazzard and Tyson; and to pay reasonable

2

attorneys' fees, disbursements, and costs.

On July 30, 2012, U.S. District Judge Leslie
Kobayashi issued an Order Affirming in Part and
Vacating in Part the Hearings Officer's October 6, 2011
Decision ("Order"). Following the submission of
supplemental briefing, Judge Kobayashi issued an
Amended Order Affirming in Part and Vacating and
Remanding in Part the Hearings Officer's October 6,
2011 Decision ("Amended Order"). Judge Kobayashi
concluded that:

> 1) Defendant violated the Individuals with
> Disabilities Education Act of 2004
> ("IDEA"), 20 U.S.C. § 1400 et seq., by
> failing to evaluate Student for a
> suspected auditory processing disorder,
> although this violation did not deny
> Student a Free Appropriate Public
> Education ("FAPE") because the evidence
> ultimately established that he did not
> have the disorder; and 2) Defendant denied
> Student a FAPE by failing to address his
> speech/language needs until formulation of
> the August 23, 2010 Individualized
> Education Programs ("IEP").

Amended Order at 2. As a remedy for the denial of
FAPE, Judge Kobayashi granted Plaintiff's request for
compensatory education and remanded the matter to the

Hearings Officer for a determination of the form of the compensatory education.  Id.  The Hearings Officer's Decision was affirmed in all other respects.

DISCUSSION

A.   <u>Entitlement to Attorneys' Fees</u>

Plaintiff argues that he is the prevailing party because the Amended Order materially alters the parties' relationship by finding that Defendant denied Plaintiff a FAPE, and requiring that Defendant proceed with an administrative hearing to determine the form of compensatory education.

Section 1415 of Title 20 of the U.S. Code provides:  "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I).  To be considered a "prevailing party" for attorneys' fees purposes, "a plaintiff must not only achieve some 'material alteration of the legal relationship of the parties,' but that change must also be judicially

4

sanctioned." <u>Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69</u>, 374 F.3d 857, 865 (9th Cir. 2004) (quoting <u>Roberson v. Giuliani</u>, 346 F.3d 75, 79 (2d Cir. 2003)) (quotations omitted).

Defendant does not contest Plaintiff's prevailing party status nor Plaintiff's entitlement to reasonable attorneys' fees.  There being no opposition to Plaintiff's prevailing party status, and given the fact that Plaintiff obtained a partially favorable decision in this action, the Court finds that Plaintiff is the prevailing party.  Therefore, all that remains for the Court to determine is the reasonableness of Plaintiff's request for fees.

B.   <u>Fee Request</u>

Plaintiff requests the following attorneys' fees:

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| John Dellera | 176.25 | $290.00 | $51,112.50 |
| Jerel Fonseca | 20.15 | $285.00 | $5,742.75 |
| Denise Wong | 92.9 | $125.00 | $11,612.50 |

5

| Tax (4.712%) | | | $3,226.20 |
|---|---|---|---|
| **TOTALS** | 289.3[1] | | $71,693.95 |

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  <u>See</u> <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  <u>Hensley</u>, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed in the lodestar calculation.  <u>See</u> <u>Fischer</u>, 214 F.3d at 1119 (citation omitted).

The factors articulated by the Ninth Circuit in

---

[1]  Mr. Dellera and Ms. Wong's hours include the additional hours requested in the reply memoranda.

<u>Kerr</u> are as follows:

> (1) the time and labor required, (2) the
> novelty and difficulty of the questions
> involved, (3) the skill requisite to
> perform the legal service properly, (4)
> the preclusion of other employment by the
> attorney due to acceptance of the case,
> (5) the customary fee, (6) whether the fee
> is fixed or contingent, (7) time
> limitations imposed by the client or the
> circumstances, (8) the amount involved and
> the results obtained, (9) the experience,
> reputation, and ability of the attorneys,
> (10) the "undesirability" of the case,
> (11) the nature and length of the
> professional relationship with the client,
> and (12) awards in similar cases.

<u>Kerr</u>, 526 F.2d at 70.  Factors one through five have

been subsumed in the lodestar calculation.  See <u>Morales</u>

<u>v. City of San Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir.

1996).  Further, the Ninth Circuit, extending <u>City of</u>

<u>Burlington v. Dague</u>, 505 U.S. 557, 567 (1992), held

that the sixth factor, whether the fee is fixed or

contingent, may not be considered in the lodestar

calculation.  See <u>Davis v. City & County of San</u>

<u>Francisco</u>, 976 F.2d 1536, 1549 (9th Cir. 1992), <u>vacated</u>

<u>in part on other grounds</u>, 984 F.2d 345 (9th Cir. 1993).

Once calculated, the "lodestar" is presumptively

7

reasonable.   See <u>Pennsylvania v. Delaware Valley</u>
<u>Citizens' Council for Clean Air</u>, 483 U.S. 711, 728
(1987); <u>see</u> <u>also</u> <u>Fischer</u>, 214 F.3d at 1119 n.4 (stating
that the lodestar figure should only be adjusted in
rare and exceptional cases).

    1.   <u>Reasonable Hourly Rate</u>

        In determining the reasonableness of an hourly
rate, the experience, skill, and reputation of the
attorney requesting fees are taken into account.   <u>See</u>
<u>Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir.
2002).   The reasonable hourly rate should reflect the
prevailing market rates in the community.   <u>See</u> <u>id.</u>;
<u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir.
1992), <u>as amended on denial of reh'g</u>, (1993) (noting
that the rate awarded should reflect "the rates of
attorneys practicing in the forum district"); 20 U.S.C.
§ 1415 ("Fees awarded under this paragraph shall be
based on rates prevailing in the community in which the
action or proceeding arose for the kind and quality of
services furnished.").   It is the burden of the fee

applicant to produce satisfactory evidence, in addition
to an affidavit from the fee applicant, demonstrating
that the requested hourly rate reflects prevailing
community rates for similar services.  See Jordan v.
Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

        Plaintiff requests an hourly rate of $290.00
for John Dellera; $285.00 for Jerel Fonseca; and
$125.00 for Denise Wong.  Although the Court has
previously deemed reasonable an hourly rate of $275.00
for Mr. Dellera, he now asks that he be awarded an
hourly rate of $290.00 to adjust for inflation.
Defendant challenges Mr. Dellera's hourly rate because
he does not provide sufficient support for the
requested increase.  The Court agrees.  Inflation alone
is not a sufficient basis for the requested rate
increase.  Neither does the declaration of a colleague
guide or drive the Court's determination about hourly
rates.  Plaintiff submitted a Declaration from Stanley
Levin to support Mr. Dellera's $290.00 hourly rate.
Decl. of Stanley Levin ("Levin Decl.") at ¶ 6.

9

However, Mr. Levin's personal opinion that Mr. Dellera is entitled to an hourly rate of $300.00 for this case is not binding or persuasive.[2]  The Court is well aware of the rates awarded in this district,[3] and finds that $275.00 is a reasonable hourly rate for Mr. Dellera.

Defendant has not objected to the hourly rates requested by Mr. Fonseca and Ms. Wong.  Based on the prevailing rates in the community, and the rates typically awarded in this district, the Court finds that $285.00 and $125.00 are manifestly reasonable rates for Mr. Fonseca and Ms. Wong, respectively.

2.  Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the

_____

[2]  Even if the Court gave weight to this opinion, Mr. Levin also expressed his belief that Mr. Dellera is entitled to an hourly rate between $250.00 to $350.00. Levin Decl. at ¶ 6.

[3]  In J.T. v. Department of Education, CV. No. 11-00612 LEK-BMK, 2012 WL 5383404, at *1 (D. Haw. Oct. 31, 2012), Magistrate Judge Barry M. Kurren recently found $275.00 to be reasonable hourly rate for Mr. Dellera.  An objection is pending with respect to Judge Kurren's Findings and Recommendation, but Mr. Dellera's $275.00 hourly rate is not at issue.

burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  Id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Plaintiff submits that the following hours were expended:  Mr. Dellera - 176.25;[4] Mr. Fonseca - 20.15;

--------------------------------------------------

[4]   The hours included in Mr. Dellera's time sheets submitted with the Motion total 168.8.  Factoring in

and Ms. Wong - 92.9.  Defendant argues that Mr.
Dellera's requested hours are excessive and asks that
the Court reduce them by 30%.  Defendant additionally
asks that this reduced amount, along with Ms. Wong and
Mr. Fonseca's requested fees, be reduced by 30% to
reflect the partial success in this appeal.  After
careful review of Plaintiff and Defendant's
submissions, the Court finds that the following
reductions are necessary and appropriate.

> a.   Excessive Hours

Defendant challenges the reasonableness of Mr.
Dellera's time entries.  In particular, Defendant takes
issue with what it characterizes as excessive billing
on multiple tasks given the similarity between this
case and J.T. v. Department of Education, Civil No. 11-
00612 LEK-BMK.  Plaintiff maintains that the time
incurred by Mr. Dellera was reasonable and asserts that
Defendant has not carried its burden of rebutting the

---

the reduction of 12.15 hours related to Plaintiff's
motion for reconsideration, the total request (up to
the filing of the Motion) should be 156.65 hours, as
opposed to 156.75 hours.

reasonableness of the request.

Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).  District court findings about matters such as the redundancy of the hours claimed are given considerable deference.  Davis, 976 F.2d at 1544 (quoting Hensley, 461 U.S. at 437).

After carefully reviewing Mr. Dellera's time entries, the Court finds that based on his experience in this area of law, he spent excessive amounts of time drafting documents, particularly where, as here, there are a number of similarities between this case and J.T. The Court acknowledges that while many legal arguments overlapped with J.T., the facts and administrative records between the two cases differed.  However, some of Mr. Dellera's hours incurred in connection with his review of the administrative record may be subject to a greater reduction than necessary because he block billed those tasks with the preparation of the opening

13

brief.[5] So while the review of the administrative record may have been compensable in full, the fact that it is inextricably intertwined with his preparation of the opening brief will result in a reduction to the time entry in total, as opposed to a reduction for individual tasks. This is because the Court is unable to reasonably apportion the time spent on each task.

Rather than imposing a blanket 30% reduction to Mr. Dellera's hours, the Court has reviewed his entries and recommends a reduction of 20.05 hours for excessiveness - 1.4 hours for the Complaint;[6] 13.45 hours for the opening brief, 0.2 hours for attending the Rule 16 Scheduling Conference,[7] and 5 hours for work

---

[5] The Court will later discuss reductions due to block billing.

[6] Defendant has attributed 3.3 hours to the drafting and filing of the Complaint. Defendant is correct. However, the Court is calculating the reduction off of 2.8 hours because the filing of the Complaint was clerical and the 0.5 hours expended on that task are non-compensable, as discussed in the next section.

[7] Mr. Dellera claims to have expended 0.7 hours on this task. The conference only lasted three minutes. However, the Court will allow 0.5 hours because

14

completed after the filing of the present Motion. The Court believes that the drafting and research completed in J.T. provided at minimum a template from which Mr. Dellera could work, and should have resulted in some time savings in this case. For example, comparison of the Complaint and the complaint in J.T. reveals that Mr. Dellera copied and pasted a large portion of the J.T. complaint, changing only the relevant facts as to those portions. Likewise, Mr. Dellera reused approximately eight pages of passages from the opening brief in J.T. for the opening brief here.

b. Clerical or Ministerial Tasks

Mr. Dellera's time entries on 11/4/11, 11/30/11, 1/23/12, 3/12/12, 3/13/12, 4/19/12, 5/10/12, 8/13/12, and 8/14/12 reflect billing for clerical/ministerial work, i.e., communication with the Court, reviewing court filings and other notices, filing documents, sending courtesy copies to the Court. Such tasks are non-compensable. "[C]lerical or ministerial

---

although the conference was scheduled for 9:00 a.m., it did not begin until almost 9:30 a.m.

costs are part of an attorney's overhead and are reflected in the charged hourly rate." <u>Jeremiah B. v. Dep't of Educ.</u>, Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing <u>Sheffer v. Experian Info. Solutions, Inc.</u>, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).  Tasks such as reviewing Court-generated notices, notifying clients of court hearings, filing documents with the Court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical and not compensable.  <u>Id.</u> (finding that entries for communications about, and internal office management of, hearing dates and due dates are clerical in nature); <u>Nicholas M. ex rel. Laura M. v. Dep't of Educ., Haw.</u>, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5  (D. Haw. Jan. 21, 2010) (finding that tasks such as informing a client that a document has been filed or informing client of a hearing date is clerical or ministerial); <u>Haw. Carpenters Trust Funds v. Cosier Const., Inc.</u>, Civil No. CV 08-00442 SOM-LEK, 2009 WL 291188, at *3 (D. Haw.

16

Feb. 03, 2009) (finding that review of district court filing notices are clerical and non-compensable); Bandalan v. Castle & Cooke Resorts, LLC, Civil No. 07-00591 DAE-LEK, 2009 WL 1955328, at *5 (D. Haw. June 30, 2009) (clerical tasks include reviewing notices of the date and time for motions hearings and notices of filing deadlines); Black v. City, County of Honolulu, Civil No. 07-00299 DAE-LEK, 2010 WL 653026, at *12 (D. Haw. Feb. 22, 2010) (deeming clerical tasks such as traveling to court to check for form and filing complaint); Young v. Geico Indem. Co., Civ. No. 08-00171 JMS/KSC, 2009 WL 3049640, at *8 (D. Haw. Sept. 23, 2009) (communications with the court are clerical and not compensable).

Mr. Dellera expended 4 hours on clerical tasks. Therefore, **4** hours should be excluded from Plaintiff's fee award.

c.   Inadequate Entries

Although Mr. Fonseca's time entries are in large part sufficiently descriptive, a number of tasks

17

must be excluded due to the inadequacy of the descriptions.  Local Rule 54.3(d)(2) requires that the "party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." Local Rule 54.3(d)(2).  While the Court understands and appreciates what appears to be counsel's efforts to preserve confidential information, the descriptions that Mr. Fonseca omitted have rendered certain entries inadequate under Local Rule 54.3(d)(2), which provides:

> [C]ounsel should be sensitive to matters giving rise to attorney-client privilege and attorney work product doctrine, but must nevertheless **furnish an adequate non-privileged description of the services in question.**  If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly.  **For example, the time entries for telephone conferences must include an identification of all participants <u>and the reason for the call</u>.**

Local Rule 54.3(d)(2) (emphases added).  Here, the time entries dated 11/12/10, 11/26/10, 12/16/10, 12/17/10, 2/24/11, 7/25/11, 7/27/11, and 7/28/11 do not include

18

the subject matter of the conversation/discussion.  The same is true of a letter sent to Plaintiff on 10/10/11. As a result, the Court recommends that a **7.5** hour reduction be imposed for inadequate descriptions.

    d.  <u>Block Billing</u>

    The Court must also reduce some of the requested hours due to "block billing."  "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." <u>Robinson v. City of Edmond</u>, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted).  Block billing entries generally fail to specify a breakdown of the time spent on each task.

    District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks.  <u>Welch v. Metro. Life Ins. Co.</u>, 480 F.3d 942,

19

948 (9th Cir. 2007).  See also id. (citing Role Models
Am., Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir.
2004) (reducing requested hours because counsel's
practice of block billing "lump[ed] together multiple
tasks, making it impossible to evaluate their
reasonableness")); see also Hensley, 461 U.S. at 437
(holding that applicant should "maintain billing time
records in a manner that will enable a reviewing court
to identify distinct claims")).  Indeed, it is a
challenge to determine the reasonableness of a time
entry when it includes several tasks.

        Mr. Dellera and Ms. Wong's use of block billing
with respect to certain time entries makes it
difficult, if not impossible, for the Court to
ascertain the reasonableness of the hours expended as
to those entries.  Plaintiff contends, though not in
response to any block billing argument, that it was
impossible to separate brief writing from review of
documents and testimony, review of the Hearings
Officer's Decision, review of research results, and

review of counsel's arguments in the administrative
hearing.  The Court is not persuaded.  Some of Mr.
Dellera's entries in fact itemized his daily tasks.[8]  It
is unclear why he could furnish adequate descriptions
and avoid block billing in certain circumstances and
not others.  Without a proper breakdown of how counsel
expended their time in a given time period, the Court
is unable to ascertain the reasonableness of the
requested hours.  Accordingly, the Court imposes an
across-the-board reduction of 20% as to the entries
that are in the "block billing" format.  Signature
Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc.,
No. CV 06-00663 JMS BMK, 2007 WL 2258725, at *3 (D.
Haw. Aug. 3, 2007) (reducing block billed hours by
20%).  Mr. Dellera billed 24.1 hours, and Ms. Wong
billed 8.2 hours, in the block format.  Mr. Dellera's
hours are therefore reduced by **4.82** and Ms. Wong's

_____

[8]  Mr. Dellera's 2/27/12 entry separates research,
review of testimony, and drafting of opening brief.  By
contrast, his 2/20/12 entry reflects five hours of work
on record review and the opening brief, with no
apportionment of time between the two tasks.

21

hours by **1.64**.

Following its review of counsel's timesheets, and pursuant to the foregoing discussion, the Court finds that Mr. Dellera reasonably expended 147.28 hours, Ms. Wong reasonably expended 91.26 hours, and Mr. Fonseca reasonably expended 12.65 hours.

e.   Reduction for Partial Success

Now that the Court has assessed the reasonableness of the time entries submitted by counsel, the Court will address Defendant's request for an imposition of a 30% reduction in view of Plaintiff's limited success on appeal.  Plaintiff maintains that a reduction is inappropriate because his successful and unsuccessful claims involve a common core of facts and are based on related legal theories.  In addition, Plaintiff contends that his success was not *de minimis* or technical.

A plaintiff's degree of success should be considered in awarding fees in IDEA cases.  Aquirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1119

(9th Cir. 2006).  However, there is no precise rule or formula for making determinations about fee awards based on varying degrees of success.  Id. at 1121 (9th Cir. 2006) (quoting Hensley, 461 U.S. at 436).  "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.  The court necessarily has discretion in making this equitable judgment."  Id. (quoting Hensley, 461 U.S. at 436-37).

> [T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under [the IDEA].[9]  Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.  Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.  But where the plaintiff achieved only limited success, the district court should award only that

---

[9]  Aquirre, 461 at 1121 (holding that attorneys' fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth in Hensley and its progeny).

> amount of fees that is reasonable in
> relation to the results obtained.

Hensley, 461 U.S. at 440. Where, as here, Plaintiff's

claims for relief involve a common core of facts and

are based on related legal theories, the court "should

focus on the significance of the overall relief

obtained by the plaintiff in relation to the hours

reasonably expended on the litigation." Id. at 435.

Here, exercising its discretion, the Court

concludes that Plaintiff's fee award should be reduced

by 20%, in addition to the abovementioned reductions.

Although Plaintiff is the "prevailing party," he only

prevailed as to one narrow issue, as reflected by the

Amended Order. Judge Kobayashi made the following

rulings:

- The Hearings Officer's finding that Defendant had
no duty to evaluate Plaintiff for CAPD was
reversed, but affirmed with respect to his
conclusion that the lack of a CAPD evaluation did
not deny Plaintiff a FAPE. Amended Order at 38.

- There was no evidence that Plaintiff's parents
requested a reevaluation for behavioral/mental
health disabilities. Moreover, information
provided to IEP team regarding possible
behavioral/mental health disabilities indicated

24

that Plaintiff's behavior was the result of speech/language difficulties.  Judge Kobayashi therefore concluded that Defendant was not provided with sufficient information to trigger its duty to evaluate Plaintiff for behavioral/mental health disabilities and the failure to assess did not constitute a denial of FAPE.  Id. at 44.

• With the exception of Defendant's failure to address Plaintiff's identified speech/language needs, the March 3, 2009 IEP and February 26, 2010 IEP offered Plaintiff a FAPE.  Id. at 44-49.

• The August 23, 2010 IEP offered Plaintiff a FAPE. Id. at 52.

• Proposed placement of Plaintiff at the home school for the 2010-11 school year did not violate the IDEA so Plaintiff was not entitled to reimbursement for expenses incurred at Loveland.  Id. at 53.

• Compensatory education is the proper relief for Defendant's failure to provide Plaintiff with speech/language services from the March 3, 2009 IEP to the August 23, 2010 IEP.  Id. at 54.  The case was therefore remanded to Hearings Officer for the limited purpose of determining the appropriate compensatory education award.  Id. at 57.

• Plaintiff was not entitled to reimbursement for the cost of Dr. Tyson's evaluation.  Id. at 57.

In other words, much of the relief sought in this appeal was denied.  Plaintiff only prevailed as to the issue of Defendant's failure to address Plaintiff's identified speech/language needs in the March 3, 2009

and February 26, 2010 IEPs. The compensatory education
award for this denial of FAPE has yet to be determined.
The March 3, 2009, February 26, 2010, and August 23,
2010 IEPs were all found to otherwise offer Plaintiff a
FAPE. Moreover, despite the fact that Judge Kobayashi
found that Defendant's failure to evaluate Plaintiff
for a suspected auditory processing disorder violated
the IDEA, she concluded that it did not deny Plaintiff
a FAPE. Finally, with the exception of the limited
issue on remand, Plaintiff's requests for reimbursement
were all denied.

Considering that the claims in this case
involve a common core of facts and related legal
theories, and given the rulings highlighted above, the
Court finds that the 20% reduction is appropriate.[10]

---

[10] Ordinarily, it would be preferable to reduce
hours on a time entry-by-time entry basis. However, it
is impossible to do so in this case because the time
entries are not specific enough to allow for
apportionment of the unsuccessful claims versus the
successful claims. In cases such as this one, the
Court recognizes that the nature of the briefing
process is not conducive to such task descriptions.

The Court has focused on the significance of the overall relief obtained by Plaintiff in relation to the hours expended in this litigation and the administrative action.  Although Plaintiff will obtain some form of compensatory education award, it will be limited, and it is far less than the relief requested. Therefore, the Court recommends that the lodestar be reduced by 20%.

C.   Total Fee Award

Based on the foregoing, the Court finds that Plaintiff has established that he is entitled to the following attorneys' fees:

| **NAME** | **HOURS** | **RATE** | **TOTAL** |
|----------|-----------|----------|-----------|
| John Dellera | 147.28 | $275.00 | $40,502.00 |
| Jerel Fonseca | 12.65 | $285.00 | $3,605.25 |
| Denise Wong | 91.26 | $125.00 | $11,407.50 |
| Tax (4.712%) | | | $2,615.86 |
| **TOTALS** | 251.19 | | $58,130.61 |

27

As discussed, the subtotal lodestar amount should be reduced by 20% in view of Plaintiff's limited success.  The Court thus recommends that Plaintiff be awarded **$46,504.48** ($44,411.80 subtotal + $2,092.68 tax) in fees.

## CONCLUSION

In accordance with the foregoing, this Court FINDS and RECOMMENDS that Plaintiff's Motion for Attorneys' Fees and Related Nontaxable Expenses, filed September 25, 2012, be GRANTED IN PART and DENIED IN PART.  The Court recommends that the district court award Plaintiff **$46,504.48** in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, November 30, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge


I.T., by and through his parents Renee and Floyd T. v. DEPARTMENT OF EDUCATION, STATE OF HAWAII; CIVIL NO. 11-00676 LEK-KSC; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S NONHEARING MOTION FOR AWARD OF ATTORNEY'S FEES