IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| I.T., by and through his parents Renee and Floyd T., <br><br>    Plaintiffs, <br><br>    vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br>    Defendant. | CIVIL NO. 11-00676 LEK-KSC |

**ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND ORDER ADOPTING THE FINDINGS AND RECOMMENDATION**

On November 30, 2012, the magistrate judge filed his Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees and Related Nontaxable Expenses ("F&R"). [Dkt. no. 42.] On December 14, 2012, Plaintiff I.T., by and through his parents Renee and Floyd T. ("Plaintiff"), filed objections to the F&R ("Objections"). Defendant Department of Education, State of Hawai'i ("DOE" or "Defendant") filed its response to Plaintiff's Objections ("Response") on December 28, 2012. The Court finds this matter suitable for disposition without a hearing pursuant to Rules LR7.2(d) and LR74.2 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the parties' submissions and the relevant legal authority, the Court HEREBY DENIES

Plaintiff's Objections and ADOPTS the magistrate judge's F&R, for the reasons set forth below.

## BACKGROUND

On September 11, 2012, this Court issued its Amended Order Affirming in Part and Vacating and Remanding in Part the Hearings Officer's October 6, 2011 Decision ("9/11/12 Order"). [Dkt. no. 31.]  In the 9/11/12 Order, the Court ruled as follows:

> 1) Defendant violated the Individuals with Disabilities Education Act of 2004 ("IDEA"), 20 U.S.C. § 1400 et seq., by failing to evaluate Student for a suspected auditory processing disorder, although this violation did not deny Student a Free Appropriate Public Education ("FAPE") because the evidence ultimately established that he did not have the disorder; and 2) Defendant denied Student a FAPE by failing to address his speech/language needs until formulation of the August 23, 2010 Individualized Education Programs ("IEP").  The Court GRANTS Plaintiffs' request for compensatory education as a remedy for the denial of FAPE and REMANDS this matter to the Hearings Officer for a determination of the form of the compensatory education.  The Decision is AFFIRMED in all other respects.

[9/11/12 Order at 2.]

## I.   Motion For Attorneys' Fees

On September 25, 2012, Plaintiff filed a Motion for Attorneys' Fees and Related Nontaxable Expenses ("Motion"). [Dkt. no. 32.]  Plaintiff requested the following fees:

| Name | Hours | Rate | Total |
|---|---|---|---|
| John Dellera | 176.25 | $290.00 | $51,112.50 |
| Jerel Fonseca | 20.15 | $285.00 | $5,742.75 |

| Denise Wong | 92.9 | $125.00 | $11,612.50 |
| Tax (4.712%) | | | $3,226.20 |
| **Totals** | **289.3** | | **$71,693.95** |

Defendant did not contest that Plaintiff was the prevailing party. The magistrate judge found and recommended that Plaintiff be awarded the following fees:

| **Name** | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| John Dellera | 147.28 | $275.00 | $40,502.00 |
| Jerel Fonseca | 12.65 | $285.00 | $3,605.25 |
| Denise Wong | 91.26 | $125.00 | $11,407.50 |
| Tax (4.712%) | | | $2,615.86 |
| **Totals** | **251.19** | | **$58,130.61** |

[F&R at 27.]

## II. Objections and Response

Plaintiff raises objections to the following rulings in the F&R: (1) the magistrate judge's denial of Mr. Dellera's request for an inflation adjustment for his hourly rate from $275.00 to $290.00; (2) the reduction for excessive hours based on duplication of effort and time spent reviewing the administrative record; (3) the time reduction for clerical tasks, including routine communications with the Court and client; (4) the reduction for block billing; (5) the 20% reduction based on the degree of success; and (6) the reduction for insufficient descriptions of services provided by Mr. Fonseca.

In the Response, Defendant urges the Court to overrule Plaintiff's Objections.  It asserts that although Plaintiff is the prevailing party for purposes of fees, Plaintiff is entitled to reasonable attorneys' fees Defendant and disputes the reasonableness of the fees requested by Mr. Dellera.

## STANDARD

Any party may file objections to a magistrate judge's findings and recommendation regarding a case dispositive matter. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b); Local Rule LR74.2.

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

§ 636(b)(1).  "[I]n providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  United States v. Raddatz, 447 U.S. 667, 676 (1980) (citation omitted); accord Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004) (citing Raddatz).  Pursuant to Local Rule 74.2, this Court "may consider the record developed before the magistrate judge," but the Court must make its "own determination on the basis of that record."

**DISCUSSION**

The Court first notes that reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Id. at 433. Second, the Court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), some of which have not been subsumed in the lodestar calculation:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation.

See Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. See Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987). The Court addresses each of Plaintiff's Objections in turn.

## I.   **Plaintiff's First Objection - Inflation Adjustment**

The magistrate judge determined that $275.00 was a reasonable hourly rate for Mr. Dellera, despite his request for $290.00 to adjust for inflation since 2010. The magistrate notes that "Inflation alone is not a sufficient basis for the requested rate increase." [F&R at 9.] Plaintiff argues that "Without an adjustment, real compensation would decrease as one's experience increases." [Objections at 3.]

In assessing whether an hourly rate is reasonable, a court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210–11 (9th Cir. 1986)); see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). In addition to their own statements, fee applicants are required to submit additional evidence that the

rate charged is reasonable.  Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Here, Plaintiff submitted a Declaration from Stanley Levin, Esq., which opines that Mr. Dellera is entitled to an hourly rate between $250.00 and $350.00, and that a reasonable hourly billing rate for this case would be $300.00.  [Decl. of Stanley Levin (dkt. no. 32-4) at ¶ 6.]

This Court is familiar with the prevailing rates in the community and the hourly rates awarded within this district in other cases.  The Court notes that in another matter pending before this Court, J.T. v. Department of Education, CV. No. 11-00612 LEK-BMK ("J.T."), a different magistrate judge recently found $275.00 to be reasonable hourly rate for Mr. Dellera, and Plaintiff did not object to that hourly rate.  The Court finds $275.00 to be reasonable hourly rate for Mr. Dellera, and agrees with the magistrate judge that inflation alone does not justify the requested rate increase in the instant matter.  The Court therefore DENIES Plaintiff's first objection to the F&R.

**II.  Plaintiff's Second Objection - Reduction for Excessive Hours**

A party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A

court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

### A.  Duplication of Effort

The magistrate judge found that Mr. Dellera spent excessive amounts of time drafting documents, and disallowed 13.45 hours for preparing the Opening Brief, which overlapped with portions of the work done in J.T. [F&R at 14-15.] Plaintiff argues that there "was no duplication of effort" here, and that the recommended reduction is unjustified. [Objections at 5.] Defendant notes that the magistrate judge made this recommendation based on Mr. Dellera's "experience in this area of the law" and found that "he spent excessive amounts of time drafting documents." [Response at 7 (citing F&R at 13).]

The Court notes that, rather than imposing an across the board 30% reduction to Mr. Dellera's hours as requested by Defendant, the magistrate judge recommended a specific reduction based upon a careful review of the hours requested for specific tasks. Notably, the magistrate judge observed that "Mr. Dellera reused approximately eight pages of passages from the opening

8

brief in J.T. for the opening brief here." [F&R at 15.] The Court agrees that this appears to be a reasonable reduction for work that is "excessive, redundant, or otherwise unnecessary." See Gates, 987 F.2d at 1399. The Court therefore DENIES this objection to the F&R.

    **B.**    **Review of Administrative Record**

Plaintiff also objects to a reduction for duplicative time spent reviewing the administrative record that was inextricably intertwined with brief writing. The magistrate judge was unable to reasonably apportion the time spent on record review and briefing when they were lumped in the same time entry, and therefore reduced the time spent in preparing the Opening Brief. [F&R at 13-14.] Plaintiff argues that this reduction is arbitrary and unreasonable. [Objections at 5-6.] The Court disagrees and finds that the 13.45 hours reduced in total, based on duplicative work and for time spent reviewing the record (where it was not separately accounted for), is a reasonable reduction, supported by this Court's experience in similar matters. The Court therefore DENIES Plaintiff's second objection to the F&R.

**III. Plaintiff's Third Objection - Clerical Tasks**

The magistrate judge subtracted four hours spent by Mr. Dellera on clerical tasks. Plaintiff argues that he complied with Local Rule 54.3(d)(1)(A) by itemizing time spent on routine

communications with the court and client, and that such tasks are for the lawyer, and not clerical employees. [Objections at 6.]

This Court has previously held that similar tasks were clerical in nature, and should be excluded.

> Clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate. See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003). The Court finds that all of [plaintiff's] entries for communications about, and internal office management of, hearing dates and due dates are clerical in nature.

Jeremiah B. v. Dept. of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Hawai‘i Jan. 29, 2010); see also Nicholas M. ex rel. Laura M. v. Dept. of Educ., Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Hawai‘i Jan. 21, 2010) ("Some client communications may be considered clerical or ministerial, such as merely informing the client that a document has been filed or what a hearing date is. . . . A communication with a hearings officer about deadlines is clerical in nature.").

The Court finds that the tasks generally identified here are clerical in nature, and that the four hours were properly excluded by the magistrate judge. The Court therefore DENIES Plaintiff's third objection to the F&R.

**IV. Plaintiff's Fourth Objection - Block Billing**

Next, Plaintiff objects to the magistrate judge's 20% reduction of time entries that were block billed, and not sufficiently itemized. "Block billing entries generally fail to

specify a breakdown of the time spent on each task. This practice makes it difficult to determine whether counsel spent a reasonable amount of time on a particular task." Synagro Technologies, Inc. v. GMP Hawaii, Inc., Civ. No. 04-00509 SPK/LEK, 2007 WL 851271, at *13 (D. Hawai‘i Mar. 15, 2007).

Here, some of Mr. Dellera's time entries were block-billed, while others included more detailed itemized descriptions of his work. One example cited by the magistrate judge and discussed by the parties is Mr. Dellera's February 20, 2012 time entry which lumps together his time reviewing the record and working on the Opening Brief, without indicating which portion of the five hours billed was spent on each task. It is not possible for the Court to ascertain the reasonableness of the requested hours when they are not sufficiently itemized, and a percentage reduction is justified. The Court agrees with the magistrate judge that a 20% reduction of time that was block-billed is an adequate reduction, and notes that the reduction was generous to Plaintiff, as it could have been greater. The Court therefore DENIES Plaintiff's fourth objection to the F&R.

## V.     **Plaintiff's Fifth Objection - Degree of Success**

The remainder of Plaintiff's Objections relate to the reduction of 20% due to Plaintiff's degree of success in this administrative appeal. The "degree of success" standard set forth in Hensley applies to attorney's fees awards under the

IDEA. Aquirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1115 (9th Cir. 2006). Under Hensley, "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees. . . ." 461 U.S. at 440. The Supreme Court explained:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

Id.

As to the first inquiry, this case does consist of related claims. Because the unsuccessful and successful claims are related, the Court must apply the second inquiry, which is, "[D]id the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Id.

In the 9/11/12 Order, this Court ruled that, with the exception of Defendant's failure to address Plaintiff's identified speech/language needs, the March 3, 2009 and February 26, 2010 IEPs offered Plaintiff a FAPE. [9/11/12 Order at 44-49.] Plaintiff achieved a degree of success, but it was

12

clearly limited.  The Court found that Plaintiff was entitled to compensatory education for Defendant's failure to provide Plaintiff with necessary services from the March 3, 2009 IEP to the August 23, 2010 IEP, and remanded to the Hearings Officer to determine an appropriate award.  The Court agrees with the magistrate that the claims in this case involve a common core of facts and legal theories, and that Plaintiff's success was limited to the issue of Defendant's failure to sufficiently address Plaintiff's identified speech/language needs, but that all other requests for reimbursement were denied.

      The Court rejects Plaintiff's claim that the lodestar presumption has not been rebutted, and should not have been reduced.  Given Plaintiff's degree of success, the Court agrees that a 20% reduction is appropriate, and not arbitrary.  Although Plaintiff understandably feels that counsel is entitled to a greater award, the Court does not agree that the F&R "seriously understates the degree of Plaintiff's success."  [Objections at 10.]  Rather, the magistrate judge carefully reviewed the relief sought in the appeal against this Court's ruling in the 9/11/12 Order, and correctly concluded that Plaintiff's success was limited, and that "much of the relief sought in this appeal was denied."  [F&R at 25.]

      The Court is mindful that there is no precise rule for making a reduction based on degree of success, and "the district

13

court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." See Aquirre, 461 F.3d at 1121.  Here, the Court exercises its discretion, and elects to reduce the award by 20% to account for Plaintiff's limited success.  The Court therefore DENIES Plaintiff's fifth objection to the F&R.

**VI.   Plaintiff's Sixth Objection - Description of Services**

The magistrate judge recommended a reduction of 7.5 hours for Mr. Fonseca's time entries with inadequate descriptions.  [F&R at 17-18.]  Plaintiff argues that the time entries submitted by Mr. Fonseca were sufficiently descriptive, and neither the sufficiency of the descriptions nor the reasonableness of the time spent was challenged by Defendant. The magistrate judge properly noted that Local Rule 54.3(d)(2) requires that the "party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated."  [F&R at 17.]  Regardless of whether Defendant objected to the sufficiency of the time entries at issue, under the IDEA, courts have discretion to award reasonable attorneys fees.  See 20 U.S.C. § 1415(i)(3)(B)(i). Here, the magistrate judge diligently exercised the discretion given to courts and carefully reviewed the entire fee request.

To the extent Plaintiff argues that the descriptions were sufficient, the Court disagrees.  "If the time descriptions

14

are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly." Local Rule LR54.3(d)(2). As noted by the magistrate judge, the 11/12/10, 11/26/10, 12/16/10, 12/17/10, 2/24/11, 7/25/11, 7/27/11, and 7/28/11 time entries, and 10/10/11 letter sent to Plaintiff entry, do not include the subject matter of the conversation or discussion, as required by Local Rule 54.3(d)(2). This Court "has the discretion to reduce the requested award for insufficient descriptions and the ultimate question is whether there is sufficient information to allow the Court to assess the reasonableness of the requested fee." Dept. of Educ. v. Zachary B., Civil No. 08-00499 JMS-LEK, 2010 WL 346393, at *6 (D. Hawai‘i Jan. 29, 2010). Accordingly, the Court finds that a 7.5 hour reduction for the insufficient time entries identified is warranted. The Court therefore DENIES Plaintiff's fifth objection to the F&R.

Finally, to the extent Plaintiff contends that the shortage of special education lawyers in this district justifies a larger fee award, the Court is sympathetic to this argument. Although Hawai‘i has a large case load of due process cases per capita, the Court cannot say that the specific F&R in this case is likely to decrease the number of attorneys willing to accept special education cases, as argued by Plaintiff. [Objections at 20.]

**CONCLUSION**

On the basis of the foregoing, the Court HEREBY DENIES Plaintiff's Objections to Magistrate's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees, filed December 14, 2012, and ADOPTS the magistrate judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees and Related Nontaxable Expenses, filed November 30, 2012.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 30, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**I.T. V. DOE; CIVIL NO. 11-00676 LEK-KSC; ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND ORDER ADOPTING THE FINDINGS AND RECOMMENDATION**