IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| I.T., by and through his parents Renee and Floyd T., ) ) | CIVIL NO. 11-00676 LEK-KSC |
| Plaintiffs, ) | |
| vs. ) | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, ) ) | |
| Defendant. ) _____ ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

On September 11, 2012, this Court issued its Amended Order Affirming in Part and Vacating and Remanding in Part the Hearings Officer's October 6, 2011 Decision ("9/11/12 Order" and "10/6/11 Decision").  [Dkt. no. 31.]  On October 3, 2012, this Court issued an order staying the case in light of the remand to the hearings officer.  [Dkt. no. 33 (minutes).]  After the hearings officer issued the decision on remand, the parties filed a Joint Request to Set a Status Conference and Lift the Stay Pursuant to Minutes Filed October 3, 2012 ("Joint Request"). [Filed 6/13/13 (dkt. no. 47).]  On June 27, 2013, this Court issued an EO granting the Joint Request and granting Plaintiff I.T., by and through his parents Renee and Floyd T. (all collectively, "Plaintiffs"), leave to file an amended complaint that would "include Plaintiffs' appeal from the hearings officer's decision on remand."  [Dkt. no. 51 at 1.]

Plaintiffs filed their First Amended Complaint on July 5, 2013. [Dkt. no. 52.]

On July 19, 2013, Defendant Department of Education, State of Hawai`i ("Defendant") filed its Motion to Dismiss ("Motion").[1]  [Dkt. no. 54.]  Defendant argues that the First Amended Complaint improperly seeks reconsideration of this Court's rulings in the 9/11/12 Order regarding the 10/6/11 Decision.  Defendant contends that the First Amended Complaint should be limited to the contested issues in the hearings officer's decision on remand.  Defendant's argument is misplaced.

This Court agrees with Defendant that only issues related to the hearings officer's decision on remand are currently before this Court.  This Court will not reconsider its rulings on the other issues in the 9/11/12 Order.  This Court's 9/11/12 Order, however, did not resolve all of the issues raised in Plaintiffs' original Complaint, filed on November 4, 2011. Thus, this Court could not issue a final judgment, and Plaintiffs have not had the opportunity to appeal the rulings in the 9/11/12 Order.  If this Court's order addressing the issues related to the decision on remand resolves all of the remaining issues in the First Amended Complaint, this Court will direct the entry of

---

[1] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").

final judgment in this case. The judgment will reference all of the substantive orders in this case, and any party dissatisfied with any of this Court's rulings make take an appeal at that time.

As a general rule, "when a plaintiff files an amended complaint, '[t]he amended complaint supercedes the original, the latter being treated thereafter as non-existent.'" Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (alteration in Rhodes) (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)). Thus, if Plaintiffs' First Amended Complaint only included claims related to the hearings officer's decision on remand, Plaintiffs' claims related to the 10/6/11 Decision, alleged only in the original Complaint, would be considered non-existent. In order to preserve Plaintiffs' right to appeal rulings in this Court's 9/11/12 Order about the 10/6/11 Decision, Plaintiffs were required to re-allege their claims challenging the 10/6/11 Decision. This Court therefore DENIES Defendant's Motion to the extent that the Motion asks this Court to dismiss claims in the First Amended Complaint related to the 10/6/11 Decision.

Defendant also urges this Court to dismiss the First Amended Complaint because it includes impermissible "shotgun" pleading, does not provide Defendant with sufficient notice of Plaintiffs' claims, and does not plead the facial plausibility required by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007),

and Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).  This Court disagrees because Plaintiffs' First Amended Complaint is more in the nature of a notice of appeal.  The allegations in the First Amended Complaint are sufficient to alert Defendants to Plaintiffs' challenges to the hearings officer's decisions.  Further, the Court notes that Plaintiffs will file an opening brief that sets forth their specific challenges to the decision on remand.  Thus, based upon the nature of the procedures in IDEA appeals and based upon the relationship between the factual allegations and the legal issues that Plaintiffs have raised, this Court CONCLUDES that the First Amended Complaint is sufficiently pled.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion to Dismiss, filed July 19, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 24, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**I.T., ET AL. V. DEPARTMENT OF EDUCATION, ETC.; CIVIL NO. 11-00676 LEK-KSC; ORDER DENYING DEFENDANT'S MOTION TO DISMISS**