IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| I.T., by and through his parents Renee and Floyd T., | ) ) ) | CIVIL NO. 11-00676 LEK-KSC |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER DENYING PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S SECOND MOTION FOR ATTORNEYS' FEES AND <u>ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION</u>**

On February 27, 2014, the magistrate judge issued the "Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Second Motion for Attorneys' Fees and Related Nontaxable Expenses" ("F&R"). [Dkt. no. 78.] On March 12, 2014, Plaintiffs I.T. ("Student"), by and through his parents Renee and Floyd T. (collectively "Plaintiffs"), filed their objections to the F&R ("Objections"). [Dkt. no. 79.] Defendant Department of Education, State of Hawai`i ("Defendant" or "the DOE"), filed its response to the Objections ("Response") on March 25, 2014. [Dkt. no. 81.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) and LR74.2 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Objections, Response, and the relevant legal

authority, this Court HEREBY DENIES Plaintiffs' Objections and
ADOPTS the F&R, for the reasons set forth below.

## BACKGROUND

The factual and procedural background relevant to the merits of this case is set forth in this Court's September 11, 2012 Amended Order Affirming in Part and Vacating and Remanding in Part the Hearings Officer's October 6, 2011 Decision ("9/11/12 Order"), [dkt. no. 31,] and in this Court's December 17, 2013 Order Revising the Hearings Officer's June 5, 2013 Decision on Remand, and Awarding Compensatory Education ("12/17/13 Order") [dkt. no. 68].[1]  Thus, this Court will only discuss the background related to the attorneys' fees issue.

After this Court issued the 9/11/12 Order, Plaintiffs filed a Motion Attorneys' Fees and Related Nontaxable Expenses on September 25, 2012 ("First Fee Motion").  [Dkt. no. 32.]  On November 30, 2012, the magistrate judge issued his findings and recommendation to grant in part and deny in part the First Fee Motion ("First F&R").  [Dkt. no. 42.]  The magistrate judge recommended that this Court reduce Plaintiffs' requested award of $71,693.95 in attorneys' fees to an award of $46,504.48.  [First F&R at 6, 28.]  After applying various reductions, the magistrate

---

[1] The 9/11/12 Order is also available at 2012 WL 3985686, and the 12/17/13 Order is also available at 2013 WL 6665459.

judge reduced the adjusted request amount, based on limited success, by twenty percent, equivalent to $11,626.13 in attorneys' fees with general excise tax. [Id. at 22-28.] Plaintiffs filed objections to the First F&R on December 14, 2012. [Dkt. no. 45.] On January 31, 2013, this Court issued an order denying Plaintiffs' objections to the First F&R and adopting the First F&R as the order of this Court ("1/31/13 Order"). [Dkt. no. 46.[2]] In the 1/31/13 Order, this Court, *inter alia*, denied Plaintiffs' objection to the reduction for limited success. This Court ruled that the magistrate judge "correctly concluded that Plaintiff's success was limited, and that 'much of the relief sought in this appeal was denied.'" 1/31/13 Order, 2013 WL 419016, at *6 (citing First F&R at 25).

Following this Court's 12/17/13 Order, Plaintiffs filed their Second Motion for Attorneys' Fees and Related Nontaxable Expenses ("Fee Motion"). [Filed 12/30/13 (dkt. no. 71).] In the Fee Motion, Plaintiffs seek the restoration of the fees deducted for limited success in the 1/31/13 Order, [Mem. in Supp. of Fee Motion at 9,] as well as an award for work performed in this case after November 1, 2012 [id. at 12 & n.5]. Plaintiffs request a total of $60,715.11 in attorneys' fees, with general excise tax. [Id. at 23.] In the F&R, the magistrate judge: rejected Plaintiffs' request for restoration of the limited success

---

[2] The 1/31/13 Order is also available at 2013 WL 419016.

3

reduction in the 1/31/13 Order; [F&R at 10;] reduced Plaintiffs' counsel John Dellera, Esq.'s requested hourly rate to $300; [id. at 17;] deducted from Mr. Dellera's request hours that the magistrate judge found excessive and hours that the magistrate judge found were attributable to clerical or ministerial tasks; [id. at 19-23;] and reduced Plaintiffs' remaining post-November 1, 2012 fees by twenty percent for limited success [id. at 23-30]. The magistrate judge therefore recommended an award of $29,544.00 in attorneys' fees and $1,392.11 in tax, for a total of $30,936.11. [Id. at 30.]

In the instant Objections, Plaintiffs argue that the magistrate judge erred in: denying the request to restore the fees deducted for limited success in the First F&R and in the 1/31/13 Order; reducing Mr. Dellera's hourly rate for the work performed after November 1, 2012; reducing Mr. Dellera's requested hours for time purportedly reflecting clerical or ministerial tasks and block billing; and reducing the post-November 1, 2012 request based on limited success.

## **STANDARD**

This district court reviews a magistrate judge's findings and recommendations regarding an award of attorneys' fees under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or

4

> modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").
>
> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

Valencia v. Carrington Mortg. Servs., LLC, Civil No. 10-00558 LEK-RLP, 2013 WL 3223628, at *5 (D. Hawai`i June 25, 2013).

## DISCUSSION

### I. Restoration of Prior Reduction

In the instant Objections, Plaintiffs characterize the 1/31/13 Order as issuing only an "interim award." See, e.g., Objections at 2. Plaintiffs argue that, in light of the 12/17/13 Order's reversal of the Administrative Hearings Officer's ("Hearings Officer") June 5, 2013 Remanded Decision Subsequent to U.S. District Judge Leslie Kobayashi's September 10, 2012 Amended Order Affirming in Part, and Vacating and Remanding in Part, the Hearings Officer's October 6, 2011 Decision ("Decision on

5

Remand") and in light of the 12/17/13 Order's award of $44,335.53 in tuition reimbursement as compensatory education, Plaintiffs' "degree of success improved materially" and "the reduction of 20% [in the 1/31/13 Order] is no longer appropriate." [Objections at 3-4.]

First, Plaintiffs' characterization of the fee award in the 1/31/13 Order as merely an "interim" award that could be revisited after the proceedings on remand is inconsistent with this Court's rulings in the 9/11/12 Order and the 1/31/13 Order. Although this Court in the 9/11/12 Order remanded a portion of the case to the Hearings Officer, nothing in the 9/11/12 Order indicated that this Court would revisit Plaintiffs' award of attorneys' fees after the proceedings on remand. Plaintiffs chose to file the First Fee Motion after the 9/11/12 Order. This Court ruled upon that request and issued a final decision on Plaintiffs' entitlement to attorneys' fees for the proceedings associated with the 9/11/12 Order. The instant order will constitute this Court's ruling on Plaintiffs' entitlement to attorneys' fees for the proceedings associated with the 12/17/13 Order.[3] In the 12/17/13 Order, this Court did not reconsider its

---

[3] This Court notes that, insofar as the instant Fee Motion sought attorneys' fees incurred from November 1, 2012, the Fee Motion includes attorneys' fees that Plaintiffs could have requested in their objections to the First F&R, which Plaintiffs filed on December 14, 2012. [Dkt. no. 43.] For example, in the instant Objections, Plaintiffs request an additional award of the
(continued...)

rulings in the 9/11/12 Order; this Court made rulings based on the parties' briefing regarding the proceedings on remand. Any success that Plaintiffs obtained in their appeal from the Hearings Officer's Decision on Remand did not alter the fact that the record that this Court considered in the 9/11/12 Order was insufficient to determine what compensatory education Student was entitled to receive.

In the alternative to their argument that the 1/31/13 Order merely granted an interim fee award, Plaintiffs also argue that they are entitled to relief from the 9/11/12 Order pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[3](...continued)
attorneys' fees incurred from the review of the F&R through the filing of the Objections. [Objections, Decl. of John P. Dellera ("Dellera Decl.").] Plaintiffs arguably waived their entitlement to the fees incurred from November 1, 2012 to December 14, 2012 by failing to make a similar request in their objections to the First F&R. Further, even assuming, *arguendo*, that it is proper to award fees for November 1, 2012 to December 14, 2012 in connection with the instant Fee Motion, the fee award for that period arguably should have been based on the $275 hourly rate awarded to Mr. Dellera in the 9/11/12 Order. Defendant, however, did not raise these arguments in either its memorandum in opposition to the Fee Motion, [filed 1/27/14 (dkt. no. 75),] or in the instant Objections. This Court therefore finds that Defendants waived these issues, and this Court will not review the magistrate judge's award of attorneys' fees for the period from November 1, 2012 to December 14, 2012.

>        (2)  newly discovered evidence that, with
> reasonable diligence, could not have been
> discovered in time to move for a new trial under
> Rule 59(b);
>
>        (3)  fraud (whether previously called
> intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
>
>        (4)  the judgment is void;
>
>        (5)  the judgment has been satisfied,
> released or discharged; it is based on an earlier
> judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable;
> or
>
>        (6)  any other reason that justifies relief.

None of these grounds apply in the instant case.  This Court therefore concludes that Plaintiffs are not entitled to Rule 60(b) relief from the 9/11/12 Order.

Having reviewed the issue de novo, this Court agrees with the magistrate judge's analysis that Plaintiffs are not entitled to the restoration of the fees deducted in the 1/31/13 Order based on limited success.  Plaintiffs' objection on this issue is DENIED.

## II.  John Dellera's Hourly Rate

Plaintiffs next object to the F&R's reduction of the requested hourly rate for Mr. Dellera from $400 to $300. Plaintiffs argue that the reduction is inconsistent with the Hawai`i Supreme Court's holdings regarding hourly rates in Kaleikini v. Yoshioka, 129 Hawai`i 454, 304 P.3d 252 (2013). [Objections at 7-8.]  Plaintiffs emphasize that, in Kaleikini,

the Hawai`i Supreme Court, *inter alia*, awarded an attorney with "half as much experience" as Mr. Dellera attorneys' fees based on an hourly rate of $300.  [Id. at 7-9.]  Kaleikini, however, is not binding upon this Court in this Court's consideration of motions for attorneys' fees pursuant to the Individuals with Disabilities Education Act of 2004 ("IDEA"), and this Court agrees with the magistrate judge's refusal to follow Kaleikini.  See, e.g., F&R at 17 (noting that "state court determinations about hourly rates have no bearing on the rates awarded in this district court").

Plaintiffs also argue that the magistrate judge erred in rejecting Mr. Dellera's requested hourly rate of $400 because that rate is consistent for the prevailing rates in the community.  Plaintiffs emphasize that this district court has previously concluded "that the prevailing rate is not limited to 'IDEA cases' but includes the rate paid to 'all attorneys in the relevant community engaged in equally complex Federal litigation, no matter the subject matter.'"  [Id. at 9 (quoting A.D. ex rel. I.D. v. Dep't of Educ., Hawai`i, Civil No. 12-307 JMS-KSC, 2014 WL 692910, at *4 (D. Hawai`i Feb. 20, 2014) (citing Prison Legal News v. Schwarzenegger, 608 F.3d 446, 455 (9th Cir. 2010))).]  In their memoranda regarding the Fee Motion, the parties addressed whether Mr. Dellera was entitled to an award based on an hourly rate commensurate with the rate awarded to Paul Alston, Esq., in

9

other cases.  The magistrate judge ultimately found that Mr. Dellera's experience, skill, and reputation did not warrant an hourly rate commensurate with the rates that this district court has previously awarded to Mr. Alston.  [F&R at 14-17.]  In analyzing this issue, the magistrate judge did not limit his analysis to IDEA cases.  [Id. at 15-16 (some citations omitted) (citing Au v. Funding Group, Inc., 933 F. Supp. 2d 1264, 1274-75 (D. Haw. 2013); Eggs 'N Things Int'l Holdings PTE, Ltd. v. ENT Holdings LLC., Civil No. 11-00626 LEK-KSC, 2012 WL 1231962, at *2 (D. Haw. Mar. 20, 2012), *adopted by* Eggs 'N Things Int'l Holdings PTE, Ltd. v. ENT Holdings LLC., Civil No. 11-00626 LEK-KSC, 2012 WL 1231992 (D. Haw. Apr. 11, 2012)).]  Thus, the F&R does not violate the legal principle from A.D. that Plaintiffs cite in the Objections.

This Court agrees with the magistrate judge, [id. at 17,] that the district court's award of $300 per hour to Mr. Dellera in A.D. represents a reasonable hourly rate.  See 2014 WL 692910, at *5.  This Court therefore DENIES Plaintiffs' objection to the reduction in Mr. Dellera's requested hourly rate.

**III. Reduction for Clerical/Ministerial Tasks and Block Billing**

Plaintiffs next object to the magistrate judge's exclusion of the following hours from Mr. Dellera's requested hours:

| 12/8/12 | A | Receive Notice of Status Conference, advise client re what is needed | 0.7 |
|---------|---|--------------------------------------------------------------------|-----|
| 3/16/13 | F | Review exhibits, compare changes in goals; review and select exhibits to be offered at remand hearing | 2.3 |

[Objections at 11.] Plaintiffs argue that the magistrate judge erred in excluding these hours because:

> The first entry was for advice to the client triggered by an upcoming status conference. The time needed to "[r]eceive Notice of Status Conference" was not more than the three or four seconds needed to open the envelope, and the reference simply provided context explaining why advice to the client was provided at that time; it is not a separate time entry improperly block billed with the advice.
>
> The second entry does not contain any clerical or ministerial time. Selecting exhibits for trial is a legal task, not something a lawyer can properly delegate to a clerical employee. See A.D. v. Dept. of Educ., *supra*, Doc. 109 at 22, 2014 WL 692910 at *8 (finding that "[i]dentifying relevant portions of the record is a legal task").

[Id. at 11-12 (alterations in Objections).]

In excluding these hours, the magistrate judge stated:

> The entire 3 hours may not have been spent on the identified clerical tasks, but because the clerical tasks were blocked billed with other tasks for both the 12/8/12 and 3/16/13 entries, the Court is unable to reasonably apportion the time. Therefore, the entire time entry should be excluded and 3 hours should be excluded from Plaintiff's fee award.

[F&R at 22-23 (footnote omitted).]

11

As to Mr. Dellera's December 8, 2012 entry, this Court first emphasizes that the magistrate judge did not have the benefit of Plaintiffs' representation that receiving the Notice of Status Conference ("Notice") only took three or four seconds and the majority of the time reflected in this entry was attributable to advising the client about what the Notice required.  Further, this entry, as well as the March 16, 2013 entry, relate to the proceedings on remand.  Thus, this Court has no additional information about the content of the Notice.  Even if this Court accepts Plaintiffs' representation about the amount of time it took to review the Notice, this Court does not have sufficient information to determine what the Notice required.  This Court therefore cannot find that the December 8, 2012 entry reflects the rendition of legal services.

As to the March 16, 2013 entry, this Court agrees with Plaintiffs that the portion of the entry referring to "review and select exhibits to be offered at remand hearing" describes legal services.  The entry, however, also includes a separate activity of "review exhibits," and this Court agrees with the magistrate judge that the limited information available indicates that this activity was clerical or ministerial in nature. Further, in light of the fact that this Court cannot determine how much of the 2.3 hours attributed to the entry as a whole was spent on the legal services, this Court agrees with the magistrate judge that

the entire entry should be excluded as improper block billing.

This Court therefore DENIES Plaintiffs' objection to the exclusion of the December 8, 2012 entry and the March 16, 2013 entry.

## IV. **Reduction for Limited Success**

Finally, Plaintiffs object to the magistrate judge's reduction of counsel's compensable hours by twenty percent for limited success. Plaintiffs argue that the compensatory education award of $44,335.53 in tuition reimbursement that this Court ordered in the 12/17/13 Order "is not immaterial; the amount granted is substantial, and it compensates Loveland [Academy ("Loveland")] for an important part of the services it provided." [Objections at 12 (footnote omitted).] This Court agrees with that statement, but the significance of the final award does not automatically preclude a reduction for limited success. Further, this Court emphasizes that the award of $30,936.11 in attorneys' fees that the magistrate judge ultimately recommended is a substantial award.

Plaintiffs also argue that Ninth Circuit law prohibits district courts from reducing lodestar awards merely because the plaintiff did not recover the full amount of the damages that he or she sought. [Id. at 13 (quoting Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1033 (9th Cir. 2012)).] In the 12/17/13 Order, this Court ruled that "reimbursement for the

speech-language services Student received at Loveland is the appropriate compensatory education award." 2013 WL 6665459, at *7. In so ruling, this Court also ruled that: Plaintiffs were not entitled to reimbursement for all of the services that Student received at Loveland; Plaintiffs were only entitled to tuition reimbursement for the 2010-2011 school year; and Plaintiffs were not entitled to tuition reimbursement for the 2011-2012 school year. Id. This Court also rejected Plaintiffs' argument that Plaintiffs were entitled to reimbursement of the tuition for Student's entire program at Loveland because the speech-language services at Loveland were integrated with all of the other services that Loveland provided, including mental health services. This Court noted that it previously ruled that mental health services were not included in the scope of the compensatory education award. Id. at *9.

Plaintiffs appear to argue that, because the magistrate judge stated, "[t]he $44,335.53 compensatory education award, which amounts to 13% of the amount requested by Plaintiff, cannot be said to represent a material improvement in Plaintiff's degree of success," the magistrate judge applied the limited success reduction based solely on the fact that Plaintiffs did not recover as high an award as they requested. Reading the F&R and the 12/17/13 Order as a whole, however, it is clear that the reduction in the amount of the requested compensatory education

award was the result of multiple legal and factual rulings that were adverse to Plaintiffs.  Thus, the reduction did not violate Ninth Circuit cases such as Evon.

Plaintiffs also argue that the twenty-percent reduction violates Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013). [Objections at 13.]  The magistrate judge considered the Gonzalez argument in the F&R, [F&R at 27-28,] and this Court, having reviewed the matter de novo, agrees with the magistrate judge's analysis.  This Court therefore concludes that the magistrate judge's application of the twenty-percent reduction did not violate Gonzales.

This Court DENIES Plaintiffs' objection to the reduction for limited success.

**V.    Summary and Request for Additional Fees**

This Court has reviewed all of the challenged portions of the F&R de novo and has denied all of Plaintiffs' objections. This Court therefore ADOPTS the F&R in its entirety.

Plaintiffs also request an additional award for the 13.2 hours that Mr. Dellera spent in connection with the Objections.  Insofar as this Court has denied the Objections in their entirety, this Court also concludes that Plaintiffs are not entitled to an award of the attorneys' fees associated with the Objections.  [Objections at 15; Dellera Decl. at ¶ 2.] Plaintiffs' request for an award of additional attorneys' fees is

therefore DENIED.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Objections to the magistrate judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Second Motion for Attorneys' Fees and Related Nontaxable Expenses, filed March 12, 2014, are HEREBY DENIED. Plaintiffs' request for an award of additional attorneys' fees associated with the Objections is also DENIED. This Court therefore ADOPTS the magistrate judge's F&R as the order of this Court.

This Court ORDERS Defendant's counsel to arrange the transmission of the $30,936.11 award to Plaintiffs, through Plaintiffs' counsel, by **May 29, 2014**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 29, 2014.



　　　　　　　　　　　　　　　 /s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　 Leslie E. Kobayashi
　　　　　　　　　　　　　　 United States District Judge

**I.T., ET AL. VS. DEPARTMENT OF EDUCATION, STATE OF HAWAI`I; CIVIL NO. 11-00676 LEK-KSC; ORDER DENYING PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S SECOND MOTION FOR ATTORNEYS' FEES AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**